[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 9, 1986, the defendant, Thomas Gerdis, Sr., CT Page 4505 purchased a bulldozer at a public auction sale held by the plaintiff, State of Connecticut. Prior to attending the auction defendant signed an auction registration sheet (Plaintiff's Exhibit A). The reverse side of the sheet contained the following pertinent provisions:
 "6. The State of Connecticut (Seller) makes no representations or warranties of any kind with respect to the subject property. Mechanical defects are described only as an indicator of general condition of vehicles. THERE MAY BE OTHER DEFECTS WHICH HAVE NOT BEEN DISCOVERED AT THE TIME OF SALE. Vehicles are sold as is, with all faults. The engine block of operable vehicles and vehicle title are the only guarantees . . .
 "7. The buyer is purchasing said property in its `as is' condition and accepts full responsibility for having inspected the property, during inspection period, to buyer's satisfaction.
 "8. The buyer agrees to pay for and remove all property from the auction premises within (10) calendar days of sale. A storage fee of $10.00 per day will be charged for each vehicle not removed within this time period."
The defendant did not remove the bulldozer until October 27, 1987 despite numerous requests by the plaintiff. The plaintiff seeks storage fees for 434 days or $4,340.
At trial the defendant testified that he did in fact buy the bulldozer for $1,900, that he painted it before removing it from the plaintiff's premises, that he owns it now, and has it stored on his own property. He does not believe, however, that he should pay the storage fees because the bulldozer was not in running condition when he bought it. He claims it has cost him about $8,000 to move the bulldozer, and he seeks a counterclaim.
The court finds that the defendant was lax in removing he bulldozer from the plaintiff's premises in a timely fashion. However, the court does not believe he should be required to pay storage for 434 days. When he placed his bid on the bulldozer, he heard the auctioneer say that the bulldozer was in running condition. Furthermore, the bill of sale specifically stated that the bulldozer "RUNS." (Defendant's Exhibit B). Although the sales agreement provided CT Page 4506 that the buyer "is purchasing said property in `as is' condition," paragraph 6 of said agreement provides that mechanical defects are described "only as an indicator of general condition of vehicles." The defendant had purchased other vehicles in the past and had received other bills of sale in which the "general condition" had been described as follows
 "Parts missing, poor condition." (Defendant's Exhibit 7).
Under the circumstances, the defendant was entitled to rely on the auctioneer's statement and the bill of sale which stated that the bulldozer "runs." Clearly, the bill of sale failed to describe accurately the "general condition" of the bulldozer.
Because the bulldozer was not in running condition, the defendant was unable to remove it from the premises within ten days after sale, although he tried several times to do so. It finally became necessary for him to purchase a flatbed in order to remove the bulldozer. Also, during the winter months it was impossible to move the bulldozer because of the ground conditions.
Under the circumstances, the court finds that the State was unfair to the defendant in insisting that he pay for storage for 445 days. However, the defendant should have removed the bulldozer within a reasonable time or within 223 days. Thus, he owes the State for 222 days, or $2,220.
Accordingly, judgment may enter for the plaintiff for $2,220, to be paid at the rate of $20.00 per month, beginning with June 1, 1992. Judgment may enter for the plaintiff on the defendant's counterclaim. No costs to either party.
ALLEN, J.